UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LUCAS JOHN POBUTKIEWICZ,

       Defendant.

_____ /

Case No. 1:26-CR-22

Hon. Paul L. Maloney
United States District Judge

**DEFENDANT LUCAS POBUTKIEWICZ'S BRIEF IN SUPORT OF
UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE**

On or about February 11, 2026, the government charged Defendant Lucas Pobutkiewicz by criminal complaint and arrested him the following day. On or about March 10, 2026, a Grand Jury sitting in the Western District of Michigan returned an indictment charging Mr. Pobutkiewicz with one count of sexual exploitation of a minor. On March 13, 2026, Mr. Pobutkiewicz was arraigned and the Court remanded Mr. Pobutkiewicz to U.S. Marshals custody (where he had been since his arrest on the complaint) pending trial. Mr. Pobutkiewicz is now lodged at the Newaygo County Jail.

Per the current scheduling order in this case, Mr. Pobutkiewicz's final pretrial conference is scheduled to take place on May 4, 2026, and his jury trial is scheduled to begin on May 19, 2026 (ECF No. 17). Counsel for the government provided initial discovery on March 24, 2026; however, there are many items referenced in reports that are outstanding. Of note, according to government reports, some of those items may

1

contain child sexually abusive material and must be reviewed at the United States Attorney's Office. A preliminary review of the discovery indicates that the case involves multiple device extractions, body-worn camera footage, and forensic interviews with MV1, which will require substantial time to review. Further, counsel for the government has advised that many digital files obtained through the extraction and imaging of devices the government claims belong to Mr. Pobutkiewicz are not yet in the possession of the U.S. Attorney's Office (and accordingly have not yet been produced to the defense).

Lastly, at the time the scheduling order was received, undersigned counsel was scheduled for a trial in 17th Circuit Court, Kent County, Michigan, before the Honorable Judge J. Joseph Rossi (*People v. David Garst*). As of the date of this motion, that trial is scheduled to run and is first on the docket.

Accordingly, Mr. Pobutkiewicz respectfully moves this Court, pursuant to Rule 23.2 of the Local Rules of Practice and Procedure for the United States District Court for the Western District of Michigan and the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.,* to continue the final pretrial conference and trial for a period of at least ninety (90) days, and to reasonably extend the deadline for all pretrial motions given any change of schedule.

The Speedy Trial Act (the "Act") generally requires a trial begin within 70 days after the government obtains an indictment, or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). However, the Act also lists periods of delay that are excluded in computing the time by which a trial should start. *See* 18 U.S.C. § 3161(h)(1)-(7) (listing the following as reasons for delay: "delay resulting from other proceedings concerning the

2

defendant;" "delay resulting from the absence or unavailability of the defendant or an essential witness;" "delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial;" and "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). Additionally, the Act recognizes a defendant's need for "effective preparation" of counsel as a reason for continuance. 18 U.S.C. § 3161(h)(8)(B)(iv).

In determining whether a continuance is necessary, the Act requires courts to balance the interest of the public and the defendant. 18 U.S.C. § 3161(h)(8)(A). Here, Mr. Pobutkiewicz makes this request to allow his counsel more time to obtain and review the discovery in this case--both independently and with Mr. Pobutkiewicz--and to review the physical evidence and counsel him as to the strength of that evidence, possible defenses, and the advisability of potential non-trial resolution of the charges against him.  He has consented to the requested adjournment in writing. Assistant United States Attorney Constance Turnbull has no objection to this motion or the relief requested.

Mr. Pobutkiewicz makes this request in good faith.  He respectfully requests that the ends of justice served by granting an adjournment of at least 90 days outweighs the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

Dated: April 13, 2026

/s/ Heath M. Lynch
Heath M. Lynch
Attorney for Defendant
SBBL Law, PLLC
60 Monroe Center NW, Suite 500
Grand Rapids, MI 49503

3